Wardell **LEWIS**, Plaintiff–Appellant,

v.

Ron **MCCLENNAN**, Sheriff; John Doe, Chief Jailer; Seven (7) John Doe Inmates, Defendants–Appellees.

No. 00–5755.

United States Court of Appeals, Sixth Circuit.

March 20, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

## ORDER

Wardell Lewis appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Lewis sued a Tennessee county sheriff and a jailer in their individual and official capacities, as well as several unnamed jail inmates, alleging that the sheriff and jailer failed to protect him from an attack by the inmates. The district court concluded that Lewis had failed to state a claim and the court dismissed the case. Lewis has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Lewis's complaint for failure to state a claim. This court renders de novo review of a district court order dismissing a suit for failure to state a claim under 28 U.S.C. § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

■ Lewis's claims against the sheriff and jailer are without merit. Lewis, an African–American, alleges that, while he was incarcerated at the Campbell County (Tennessee) Jail, he was attacked by seven white inmates. Lewis argues that the sheriff and jailer should have known that placing him in a jail with a large population of white inmates put him at risk for attack. Prison officials are liable under the Eighth Amendment for failing to protect an inmate only if they act with "deliberate indifference." *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Officials act with deliberate indifference if they know of a substantial risk to an inmate's safety, yet disregard that risk by failing to take reasonable measures to abate it. *Id.* at 837. Lewis has not alleged any specific facts which would show that he was in danger of being assaulted by the other inmates. At most, Lewis has alleged a hypothetical risk of danger to his safety prior to the attack. These allegations are insufficient to state an Eighth Amendment claim.

■ Lewis also alleges that these defendants were deliberately indifferent to his injuries. To establish a violation of his Eighth Amendment rights resulting from a denial of medical care, Lewis must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Brooks v. Celeste,* 39 F.3d 125, 127 (6th Cir.1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle,* 429 U.S. at 105–06. A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation, *id.* at 107, and, where the prisoner has received some medical attention and now disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and to constitutionalize claims which sound in state tort law. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

■ Lewis's Eighth Amendment medical claim is without merit. Lewis alleges that the defendants did not provide him with medical care immediately after the assault; however, he acknowledges that he subsequently was transported to a hospital and treated. He does not challenge the quality of treatment that he received at the hospital and he does not allege that he received any permanent injury from the failure to transport him to the hospital immediately after the assault. Therefore, his allegations do not establish that the defendants were deliberately indifferent to his serious medical needs.

■ Lastly, Lewis's claims against the unnamed inmates are meritless. To maintain an action under § 1983, a plaintiff must establish that he was: 1) deprived of a right secured by the Federal Constitution or laws of the United States, 2) by a person acting under color of state law. *Black v. Barberton Citizens Hosp.,* 134 F.3d 1265, 1267 (6th Cir.1998). Lewis has not alleged that these defendants were operating as state actors at the time of the assault.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.